IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **CHRIS WEGENER**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 1688 |
| | ) | |
| **NORTHSTAR BATTERY COMPANY,** | ) | |
| **LLC**, a Missouri limited liability company, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Although this action was filed on March 11, 2014, plaintiff's counsel has ignored the explicit directive of this District Court's LR 5.2(f) that requires the delivery of a paper copy of the complaint for the assigned judge's use within one business day after filing.[1] To underscore the importance of that requirement to the case management procedures followed by this Court, the first paragraph in its website repeats the requirement, adding that a delivery to this Court's chambers on the date of filing, if possible, would be appreciated (although such earlier delivery is not essential).

Despite the literal one-business-day requirement of LR 5.2(f), this Court has customarily allowed a grace period -- at least a few working days, sometimes longer[2] -- before the issuance

---

[1] In an effort to monitor compliance with that requirement (which has regrettably not always been adhered to by lawyers), both this Court's secretary and its courtroom deputy maintain lists of all deliveries by counsel to this Court's chambers. Although that recordkeeping is intended to be error-free, if counsel here were to establish that what is said in this memorandum order is in error, the sanction called for by this memorandum order will of course be rescinded.

[2] That variance stems from obtaining the Clerk's Office printouts reflecting new case filings only sporadically, rather than on a regular (say weekly) basis.

of this type of memorandum order. In this instance that added time has elapsed without compliance by plaintiff's counsel, and this Court hereby orders:

1. that the missing copy of the complaint be delivered to this Court's chambers forthwith and

2. that such delivery be accompanied by a check for $100 payable to the "Clerk of the District Court" by reason of the LR 5.2(f) violation, a requirement foreshadowed by the opening provision in this Court's website.

                                                                              Milton I. Shadur
                                                                              Senior United States District Judge

Date: March 17, 2014